IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 4:07-CR-143 |
| | § | |
| MARY KATHERINE CAMPBELL | § | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

On September 26, 2007, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Mary Katherine Campbell. Defendant consented to proceed by video conference. Defendant stated she understood that she was under oath, understood that she had a right to proceed before a United States District Judge and waived that right, understood the proceeding before her, consulted with her attorney, was satisfied with her attorney, and was competent and ready to plead true. The government was represented by Sam Cantrell standing in for Ernest Gonzalez, Assistant United States Attorneys for the Eastern District of Texas, and Defendant was represented by Federal Defender Robert Arrambide.

Defendant originally pleaded guilty to the offense of Conspiracy to Commit Bank Fraud, a Class D felony. The offense carried a statutory maximum imprisonment term of five (5) years. On June 14, 2005, The Honorable Philip P. Simon of the Northern District of Indiana sentenced Defendant to serve 6 months of time as a result of a downward departure pursuant to a 5K1:1 motion of the government based on the defendant's substantial assistance followed by a two (2) year term of supervised release subject to the standard conditions of release, plus special conditions to include: $100 special assessment, $39,983.58 restitution, credit restrictions, financial disclosure, substance abuse treatment, in-patient treatment, and alcohol restrictions. On June 14, 2005, Mary Katherine

Campbell completed her period of imprisonment and began service of the supervision term.

On March 21, 2007, the conditions of supervision were modified to include participation in a residential drug treatment program and on May 1, 2007, the defendant's term of supervised release was extended for an additional term of six (6) months.

Under the terms of supervised release, Defendant was subject to the following conditions:

(1) The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as determined by the court.

(2) While under supervision, the defendant shall not consume alcoholic beverages or any mood altering substances, which overrides the "no excessive use of alcohol" language in Standard Condition #7.

(3) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to such any controlled substance, except as prescribed by a physician.

(4) The defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.

(5) The defendant shall notify the probation officer ten days prior to any change of residence or employment

(6) The defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments.

(7) The defendant shall participate in a drug aftercare treatment program which may include urine testing under a co-payment plan at the direction and discretion of the probation officer.

(8) The defendant shall reside in and participate in a program of a residential drug treatment facility

at Cenikor, in Fort Worth, Texas, as instructed by your probation officer, until discharged by the facility director.

In its petition, the government alleges that Defendant violated her conditions of supervised release in the following ways:

(1), (2), (3) The defendant submitted urine specimens on August 25, 2005, which tested positive for cocaine, codeine, and morphine, May 2, 2007, which tested positive for cocaine and morphine, May 14, 2007, which tested positive for cocaine, codeine, hydromorphone, and morphine, and May 22, 2007, which tested positive for cocaine.  Per a conversation with Kroll Technician on June 26, 2007, that due to the nanogram levels of the morphine on specimens submitted on May 2, 14, and 22, 2007, the morphine positive is indicative of heroin use.  On May 14, 2007, the defendant admitted to taking Oxicontin, given to her by a friend.

(4) The defendant failed to submit a written monthly report form for the month of May 2007.  The defendant failed to report to the U.S. Probation Officer as instructed on June 1, and June 18, 2007.

(5) On June 19, 2007, during an office visit with the defendant's mother, she advised the defendant was no longer living at the last approved residence.

(6) The defendant failed to submit a personal financial statement by April 26, 2007, as instructed.

(7) The defendant failed to report to Bob Alterman's LCDC for random drug testing on May 8, 2007, and June 19, 2007.  The defendant failed to participate in drug treatment with Bob Alterman LCDC, by failing to report on May 9, 2007, May 12, 2007, June 19, 2007, and June 26, 2007.

(8) The defendant was unsuccessfully discharged from Cenikor on April 7, 2007.

If the Court finds by a preponderance of the evidence that Defendant committed these violations, a statutory sentence of no more than two (2) years of imprisonment may be imposed.  18 U.S.C. § 3583(e)(3).  Section 7B1.1(b) of the Sentencing Guidelines indicates that where there is

more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.  Pursuant to Section 7B1.1(a)(2) of the Sentencing Guidelines, violating a condition of supervision by committing conduct constituting any other federal, state, or local offense punishable by a term of imprisonment exceeding one year, would constitute a Grade B violation. Upon a finding of a Grade B violation, the Court shall revoke Defendant's term of supervised release in favor of a term of imprisonment.  U.S.S.G. § 7B1.3(a)(1).  Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated they had come to an agreement whereby Defendant would plead true to the above alleged violations of her conditions of supervised release.  After argument over the appropriate sentence, the parties agreed to adopt the recommended sentence of the U.S. Probation Office.

Pursuant to the Sentencing Reform Act of 1984, the Court hereby **RECOMMENDS** that Defendant Mary Katherine Campbell's term of supervised release be revoked, and that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for an upward departure term of twenty four (24) months, with no supervised release to follow.  The Court further **RECOMMENDS** that Defendant participate in the Bureau of Prisons' 500 hour residential drug treatment program, and that Defendant be placed in the Carswell Women's Facility at Fort Worth.

The parties have waived their right to object to the findings of Magistrate Judge John D. Love in this matter so the Court will present this Report and Recommendation to District Judge Marcia A. Crone for adoption immediately upon issuance.

So **ORDERED and SIGNED** this 28th day of September, 2007.

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE